| | |
|---|---|
| Leroy Fulton, ) | Civil Action No. 2:15-4355-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Christopher Nisbet, *in his individual* ) | |
| *capacity*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's motions in limine and Plaintiff's motion in limine. For the reasons set forth below, the Court grants in part and denies in part Defendant's motion in limine (Dkt. No. 77), grants Defendant's motion in limine (Dkt. No. 78), denies without prejudice Defendant's motion in limine (Dkt. No. 79), denies Defendant's motion in limine (Dkt. No. 81), grants in part and denies in part Plaintiff's motion in limine (Dkt. No. 85), and denies as moot Defendant's motion for a protective order.

## I.   Background

Plaintiff alleges that on August 25, 2015, he was awoken by John Mauldin knocking on his door. Mr. Mauldin told Plaintiff that he was there to repossess a vehicle. Plaintiff told Mr. Mauldin to leave his property. Plaintiff asserts that Mr. Mauldin did not present any paperwork or documentation, and that he informed Mr. Mauldin that he did not have permission to repossess Plaintiff's vehicle. At that time, Mr. Mauldin called 911 and told the dispatcher that Plaintiff had pointed a handgun at him. Plaintiff denies that he never pointed a gun at Mr. Mauldin.

While Mr. Mauldin was on the phone with 911 dispatch, Defendant, who was then the Coroner for Dorchester County, South Carolina, approached Mr. Mauldin, identified himself as the Coroner, and offered to assist Mr. Mauldin with the repossession. Mr. Mauldin told Defendant

-1-

that Plaintiff had pointed a gun at him. Plaintiff then left his house in his vehicle, and the Defendant, in his official county vehicle, followed the Plaintiff and activated his vehicle's blue lights and siren. Plaintiff testified that when he stopped, Defendant pointed his county-issued firearm at him and told him to "get out of the car you little black mother fucker." (Dkt. No. 44-4.) Police officers then arrived on the scene. Officers directed Defendant to drop his weapon, which he did after a delay of about 15 to 20 seconds. (*Id.*) No parties were charged with any crime that night. Ultimately, Defendant was charged with misconduct in office and breach of the peace. He pleaded no contest to breach of the peace and the misconduct in office charge was dropped *nolle prosequi*.

On October 27, 2015, Plaintiff filed the present action, asserting claims under 42 U.S.C. § 1983 for wrongful seizure and excessive force, and claims under South Carolina law. Plaintiff subsequently abandoned his state law claims. This matter is set for jury trial of Plaintiff's § 1983 claims beginning February 5, 2018.

## II.  Legal Standard

Although not specifically provided for in the Federal Rules of Evidence, motions in limine "ha[ve] evolved under the federal courts' inherent authority to manage trials." *United States v. Verges*, Crim. No. 1:13-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Id.* "Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006); *see also United States v. McBride*, 676 F.3d 385, 403 (4th Cir. 2012) ("[A]ssessing [whether evidence is] relevan[t] is at the heart of the district court's trial management function."). A district court therefore has "broad discretion" in deciding a motion in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220,

222 (4th Cir. 2012). Nonetheless, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3.

**III. <u>Discussion</u>**

**A. Defendant's motion to exclude evidence of crimes, wrongs, or other acts**

Defendant moves to exclude all evidence relating to his arrest for misconduct in office, the resulting law enforcement investigation, his removal from the Dorchester County Coroner's Office, his conviction for breach of peace, and any other bad acts. He argues that such evidence is not relevant, and, if relevant, that its probative value is substantially outweighed by the danger of unfair prejudice. He also asserts all such evidence is inadmissible under Rule 404(b) of the Federal Rules of Evidence.

Although no party briefed the issue, the Court must rule that Rule 410 of the Federal Rules of Evidence prohibits introduction of Defendant's *nolo contendere* plea to breach of the peace. *See United States v. Dorman*, 496 F.2d 438, 400 (4th Cir. 1974). This prohibition applies to the resulting conviction. *United States v. Nguyen*, 465 F.3d 1128, 1131 (9th Cir. 2006). The motion in limine is granted as to the conviction for breach of the peace. However, the responding police officers are percipient witnesses and they may testify as to both their perceptions and the actions they took in response to those perceptions, including responsive actions taken after the night of the incident. Further, to the extent Defendant argues that any evidence discovered in the subsequent criminal investigation should be excluded (including testimony by investigators) his motion is denied. No authority suggests evidence should be suppressed at a civil trial merely because it was discovered during a criminal investigation of the same underlying events.

In opposition to the motion in limine, Plaintiff argues he should be allowed to present a Facebook posting by Defendant that states, "Thugs will be thugs." During the incident at issue, Defendant was recorded on audio referring to Plaintiff as a "damn, damn nigger." In Defendant's

deposition, he testified that "nigger" is "[a]nother word for thug." The Facebook posting thus would arguably be further evidence of Defendant's racial bias. Indeed, Plaintiff argues for admission based on Rule 608, which allows collateral evidence of a witness's bias. However, evidence is not needed to prove a party is biased in favor of his own cause. Plaintiff's true intent appears to be to offer the Facebook posting as evidence of Defendant's character as a racist, to prove he acted in accordance with that character on the night at issue. That is prohibited by Rule 404(b)(1). Defendant's motion in limine is granted as to the Facebook posting.

Plaintiff also argues he should be allowed to present testimony regarding other traffic stops Defendant allegedly conducted in Dorchester County. Plaintiff states that he anticipates Defendant will testify that he was only acting in a private capacity when he performed a traffic stop on Plaintiff on the night at issue, and not "under color of state law" as required for a § 1983 claim. Plaintiff argues evidence of Plaintiff's other traffic stops is necessary to rebut that anticipated testimony.

The Court has already ruled that Defendant's argument that he did not act under color of state law is "without merit" and that Defendant "obviously acted under color of state law." (Dkt. No. 57 at 5.) That ruling was made in the posture of considering the facts in the light most favorable to Plaintiff. But even considering the facts in the light most favorable to Defendant, it appears uncontested that Defendant, an elected and sworn state officer, identified himself as such at the outset, that he used an official vehicle equipped with blue lights to stop Plaintiff on a public road, and that he brandished a county-issued firearm. Whether Defendant's actions were justified and whether Defendant's actions violated Plaintiff's rights are contested questions, but to say that a state officer who identifies himself as such and who effects a stop using an official vehicle

equipped with blue lights and an official-issue weapon does not act under color of state law is wholly without merit.

The Court rules as a matter of law that Defendant was acting under color of state law during the incident at issue in this case. Thus, there is no need to introduce evidence of other, unrelated incidents to prove that Defendant acted under color of state law. Insofar as Plaintiff means to introduce evidence of other traffic stops as prior bad acts by Defendant to prove Defendant acted similarly on the night at issue, Defendant's motion in limine is granted. *See* Fed. R. Evid. 404(b). If at trial Plaintiff believes that Defendant's testimony has opened the door or that he otherwise has a good faith basis for offering evidence of these traffic stops, the Court will permit counsel to explain, outside of the presence of the jury, why such evidence should be admitted.

Defendant has moved for a protective order to prevent Plaintiff's deposition of Keyanna Young. (Dkt. No. 105.) If called as a witness, Ms. Young would testify about other traffic stops Defendant effected, unrelated to the incident at issue in this case, to establish that Defendant acted under color of state law in the incident at issue. Because the Court rules as a matter of law that Defendant acted under color of state law, Ms. Young's testimony is not relevant and consequentially she will not be called as a witness. The Court therefore denies as moot the motion for a protective order.

### B. Defendant's motion in limine to exclude photographs

Defendant has moved to exclude certain photographs "not taken within close temporal proximity to the incident." That motion is denied without prejudice. At the pretrial conference scheduled for February 2, 2018, Defendant may make specific objections to specific photographs.

### C. Defendant's motion in limine to exclude "Castle Doctrine" evidence

Defendant has moved to exclude all evidence relating to the "Castle Doctrine." The Castle Doctrine is a legal rule providing that "[o]ne attacked, without fault on his part, on his own

premises, has the right, in establishin his plea of self-defense, to claim immunity from the law of retreat." *South Carolina v. Gordon*, 122 S.E. 501, 502 (S.C. 1924). Defendant anticipates that Plaintiff may attempt to introduce evidence that the Castle Doctrine applies in this case to justify pointing a gun at Mr. Maudlin. Plaintiff denies ever pointing a gun at Mr. Mauldin, but argues that whether doing so would have been a crime is relevant because the jury may believe Defendant's assertion that he witnessed Plaintiff committing a crime. The Court, however, does not see how such evidence could be proper. The Court will instruct the jury on the law, including the Castle Doctrine if necessary. The parties will not be permitted to present evidence purporting to explain the law to the jury. The motion in limine is granted as to Castle Doctrine evidence.

### D. Defendant's motion in limine to exclude policy evidence

Defendant moves to exclude any evidence that he violated any policies or procedures of the Summerville Police Department or Dorchester County. He asserts such evidence is not relevant because those policies do not provide the controlling standard for Plaintiff's excessive force claim under the Fourth Amendment. Plaintiff concedes that policy violations do not in themselves establish constitutional violations, but argues those policies are relevant to the applicable standard, which is whether the force employed was objectively reasonable from the perspective of a reasonable officer. Plaintiff asserts the policies are relevant to help define the "reasonable officer" standard of conduct.

The Court agrees with Plaintiff. Determining "objective reasonableness" may include, among other considerations, compliance or noncompliance with training and established policy. *See, e.g., Raiche v. Pietroski*, 623 F.3d 30, 37 (1st Cir. 2010); *Ludwig v. Anderson*, 54 F.3d 465, 472 (8th Cir. 1995); *Wyatt v. Owens*, 317 F.R.D. 535 (W.D. Va. 2016); *King v. Taylor*, 944 F.Supp.2d 548, 556 (E.D. Ky. 2013). Indeed, in *Kopf v. Krym*, the Fourth Circuit held a district

court abused its discretion when it excluded expert testimony on accepted police practices, reasoning,

> As a general proposition, the "objective reasonableness" standard may be comprehensible to a lay juror. On the other hand, any "objective" test implies the existence of a standard of conduct, and, where the standard is not defined by the generic—a reasonable person—but rather by the specific—a reasonable officer—it is more likely that Rule 702's line between common and specialized knowledge has been crossed.

993 F.2d 374, 378 (4th Cir. 1993).

Defendant also argues evidence of policy violations would create unfair prejudice substantially outweighing the probative value of the evidence. As noted above, generally accepted police policies are highly probative of what a reasonable officer would do in a given situation. The Court does not see how evidence that Plaintiff violated police policies, offered to establish that Defendant was not acting as a reasonable officer would act, could create *unfair* prejudice. The Court therefore denies the motion to exclude policy evidence.

### E. Plaintiff's motion in limine

#### 1. *References to prior bad acts*

Plaintiff moves to exclude reference to his prior bad acts, arrests, and police interactions. Defendant responds that he does not intend to offer such evidence, other than Plaintiff's 1997 petty larceny conviction, which Defendant seeks to admit under Rule 609 of the Federal Rules of Evidence.

A misdemeanor conviction occurring over twenty years can be admitted only "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Defendant does not cite a single case to support the proposition that a misdemeanor theft is a crime of dishonesty under Rule 609. Instead, Defendant offers *ipse dixit*: "Defendant's conviction for larceny

undeniably involves dishonesty." (Dkt. No. 103 at 3.) Defendant has only rhetorical support for his position because appellate case law overwhelmingly rejects it:

> [T]he crime of petit larceny does not involve dishonesty or false statement. Thus it is covered by neither Rule 609(a)(1) nor Rule 609(a)(2). This crime, like multifarious others of a similar nature, simply has no bearing whatever on the "accused's propensity to testify truthfully." Accordingly, evidence of a prior conviction for petit larceny may not be admitted for the purpose of attacking the credibility of a witness.
>
> In reaching this conclusion, we do not stray from the collective wisdom of our sister circuits. Indeed, to this date the Second, Third, Fourth, Fifth, Seventh, Ninth, and Tenth Circuits have in varying degrees come to the same conclusion that we reach here today.

*United States v. Fearwell*, 595 F.2d 771, 776–77 (D.C. Cir. 1978) (citations and footnotes omitted); *see also United States v. Edge*, 576 F. App'x 275, 277 (4th Cir. 2014). The Court therefore grants Plaintiff's motion in limine as to the 1997 conviction and denies it as moot as to other bad acts.

### 2. *References to drug or alcohol use by Plaintiff*

Plaintiff moves to exclude any reference to his use of drugs or alcohol. He argues such evidence would be irrelevant and highly prejudicial. The specific evidence at issue appears to be expected testimony from John Mauldin that it appeared to him that Plaintiff was under the influence of drugs or alcohol during the incident at issue. Presumably, Defendant would testify similarly. Percipient witnesses' perceptions of the behavior of Plaintiff (and Defendant) are highly relevant in this matter. The motion is denied as to testimony or other evidence regarding use of drugs or alcohol by Plaintiff on August 25, 2015. It is granted as to evidence regarding use of drugs or alcohol by Plaintiff at other times.

### 3. *References to Plaintiff's financial difficulties*

Plaintiff moves to exclude any reference to his financial situation, including an eviction from a home in Summerville, South Carolina. He argues such evidence would be irrelevant, highly prejudicial, and necessarily hearsay. Defendant argues Plaintiff's financial situation is "relevant

-8-

to his financial motivation for bringing the instant lawsuit." (Dkt. No. 103 at 5.) Defendant also argues it could be relevant to damages as an alternative source of Plaintiff's emotional distress.

The Court finds Defendant's argument unpersuasive. Defendant essentially argues that a wealthy man bringing a § 1983 suit must be telling the truth because he does not need the recovery, but an identically situated poor man should be disbelieved because his poverty may bias him in his own favor. The Court cannot accept that reasoning. The right of poor citizens to seek judicial remedy for alleged violations of their civil rights by state officers is no less than that of wealthy citizens. Similarly, Plaintiff's personal wealth is irrelevant to damages. The emotional harm created by a violation of a citizen's civil rights is not contingent on the citizen's personal wealth. The motion in limine is granted as to references to Plaintiff's finances.

### 4. *References to citizen's arrest statutes in South Carolina*

Plaintiff moves to exclude references to South Carolina statutes regarding the right of private citizens to effect arrests. The Court has already ruled those statutes are "not relevant." The motion in limine is granted as to South Carolina citizen's arrest statutes for the reasons set forth in the Court's order of November 1, 2017 (Dkt. No. 57).

### 5. *Defendant's character references*

Plaintiff moves to exclude letters of support and character references, which he anticipates Defendant will offer to show that he is not a racist. He argues such evidence would be irrelevant, prejudicial, and inadmissible hearsay. Defendant responds that he does not intend to offer such evidence, unless Plaintiff offers evidence that Defendant acted in a racially discriminatory manner. The Court anticipates Plaintiff will offer such evidence, but the Court has no knowledge of the support letters or the corresponding declarants. The Court therefore declines to address issues of relevance, prejudice, or the obvious hearsay issues at this time. The Court therefore denies as unripe the motion in limine as to Defendant's character references.

### 6. *References to South Carolina statutes on pointing a firearm, Defendant's testimony that Plaintiff committed a felony, and evidence that John Mauldin saw Plaintiff brandish a firearm*

Plaintiff moves to exclude any testimony that Mr. Mauldin saw Plaintiff brandish a gun, any testimony that Defendant witnessed Plaintiff's commission of a felony (brandishing the gun), and any reference to South Carolina statutes that make it a crime to point a firearm at another person without appropriate justification. The Court previously ruled "a genuine issue of fact exists about whether Plaintiff brandished a firearm, whether Mr. Mauldin's statement that Plaintiff brandished a firearm was sufficiently credible to provide probable cause, and whether, considering the totality of the circumstances, the force Plaintiff used was objectively reasonable." (Dkt. No. 57 at 7.) Defendant will be permitted to present his evidence on those disputed material issues. Likewise, Plaintiff may present his evidence that he did not brandish a firearm or that he did so in circumstances justifying the act. The motion in limine is denied as to testimony that Mr. Mauldin or Defendant witnessed Plaintiff brandishing a firearm.

The jury, however, will be instructed on the law by the Court, not by the parties' witnesses. A witness may testify that he saw something that he believed to be felonious. The Court will appropriately charge the jury on the law so that the jury can determine whether what was witnessed was in fact illegal or whether the witness's belief that it was illegal was reasonable. The parties will not need to introduce extrinsic evidence to establish the law regarding pistol brandishing or defenses thereto, and they will not be permitted to do so. The motion in limine is granted as to such evidence.

### 7. *References to John Mauldin as a victim*

Plaintiff argues that any reference to Mr. Mauldin as a victim would be irrelevant and highly prejudicial because Plaintiff was not charged with any crime because of the incident. Defendant argues that Plaintiff committed a serious crime when he pointed a gun at Mr. Maudlin,

which justified Defendant's subsequent actions. If the jury believes Defendant and fails to find facts justifying Plaintiff's action, then Mr. Maudlin is a victim, regardless of whether formal criminal charges were filed. The parties will be permitted to present their evidence and arguments on this contested issue of material fact. The motion in limine is denied as to references to Mr. Mauldin as a victim.

## 8. *Argument that Defendant's plea to disorderly conduct instead of misconduct in office indicates that his actions did not violate Plaintiff's rights*

Plaintiff moves to exclude any argument that Defendant's plea deal, in which he pleaded *nolo contendere* to disorderly conduct and the charge of misconduct in office was dismissed, is evidence that Defendant did not violate Plaintiff's rights. Defendant responds that he does not intend to offer such evidence or argument unless Plaintiff introduces evidence that Defendant was arrested because of the incident. For the reasons set forth above in this Order, Defendant's *nolo contendere* plea and the resulting conviction are inadmissible under Rule 410, regardless of whether Plaintiff introduces evidence regarding Defendant's arrest.

## 9. *References to an unrelated shooting of Plaintiff and to a 2012 motor vehicle accident*

Plaintiff moves to exclude evidence that Plaintiff was shot in an unrelated incident occurring after the incident at issue in this litigation, and evidence that Plaintiff was involved in a motor vehicle accident three years before the incident. Plaintiff argues this evidence would be irrelevant, highly prejudicial, and, with regard to the shooting, impermissible character evidence. Defendant argues such evidence is relevant as an alternate cause of Plaintiff's damages. He also argues such evidence is relevant to the credibility of any Plaintiff's medical provider who was not aware of the vehicle accident or the shooting. Plaintiff argues Defendant's true purpose in attempting to offer evidence regarding unrelated shooting is to disparage Plaintiff's character.

-11-

Plaintiff seeks actual and punitive damages for "tremendous and irreparable emotional and mental harm," which allegedly is "a direct and proximate result of Defendant's unreasonable seizure of Plaintiff and use of excessive force." (Dkt. No. 1 ¶ 23.) He does not seek recovery for any physical injuries. A motor vehicle accident occurring three years before the incident at issue has no possible relevance to any issue in this case. In the abstract, there could be some overlap in emotional harm caused by the incident at issue in this case and the subsequent shooting incident, both of which involved a gun being pointed at Plaintiff. The Court, however, finds that whatever minimal probative value this evidence has would be substantially outweighed by the unfair prejudice it would create against Plaintiff. Further, if Defendant introduced this evidence to show an alternate cause for Plaintiff's damages, Plaintiff would be entitled to show why the subsequent shooting was not the cause of the damages. The result would be a mini-trial on a collateral issue. The Court therefore grants the motion in limine as to the 2012 vehicle accident and as to the subsequent shooting of Plaintiff, except that the Court declines to rule on the admissibility of the accident or shooting as evidence of medical provider credibility at this time. The Court cannot determine whether the subsequent gunshot wound would be relevant to the credibility of Plaintiff's medical providers before hearing any testimony from those witnesses.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion in limine (Dkt. No. 77), **GRANTS** Defendant's motion in limine (Dkt. No. 78), **DENIES WITHOUT PREJUDICE** Defendant's motion in limine (Dkt. No. 79), **DENIES** Defendant's motion in limine (Dkt. No. 81), **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion in limine (Dkt. No. 85), and **DENIES AS MOOT** Defendant's motion for a protective order (Dkt. No. 105).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 24, 2018
Charleston, South Carolina